### FERGUSON v. McLAUGHLIN.

Under sect. 6 of the act of March 3, 1853 (10 Stat. 244), a settler upon unsurveyed public lands in California has no valid claim to pre-empt a quarter-section, or any part thereof included in his settlement, unless it appears by the government surveys, when the same are made and filed in the local land-office, that his dwelling-house was on that quarter-section.

ERROR to the Supreme Court of the State of California.

*Mr. J. A. Moultrie* for the defendant in error.
There was no opposing counsel.

MR. JUSTICE MILLER delivered the opinion of the court.

The case before us was originally an action to recover possession of land, brought in the proper court of the State of California.

The plaintiff proved a patent from the United States to the Western Pacific Railroad Company, and a conveyance by said company to him of the land in dispute. In conformity to the practice in the courts of California, the defendant, Ferguson, filed an answer in the nature of a cross-bill in equity, which alleged that while plaintiff had the apparent legal title, he held it, or should be decreed to hold it, for the benefit of the defendant. The ground of this equitable right, briefly stated, is, that the defendant had made a valid claim to the land under the pre-emption laws before the inception of plaintiff's title, and that although this matter had been contested before the officers of the Land Department, and they had decided in favor of the Western Pacific Railroad Company, yet that decision was erroneous in law and in fact; and he prayed the court to decree him that relief which he was in equity entitled to.

The case was submitted to the court, whose findings of fact are in the record, and whose judgment in favor of the plaintiff

in the court below was affirmed by the Supreme Court of the State.

This writ of error brings before us the question whether, on the facts so found, the defendant below, the plaintiff here, is entitled to be declared the equitable owner of the land for which the other party recovered judgment.

There is not the slightest evidence of fraud or of any mistake of fact in the proceedings before the Land Department. There is very little evidence of what did take place there, and especially of what was proved there.

But there is in the findings of the court a statement that his claim was rejected by the land-office on two grounds; namely, 1, That his residence was not on any part of the congressional subdivision to which this land belonged; and, 2, that he had sold part of the land for which he had filed his original pre-emption claim.

The act of Congress of 1853, providing for the survey, pre-emption, and sale of the public lands in California, which was before this court in *Sherman* v. *Buick* (93 U. S. 209), declares that all those lands, with certain exceptions not pertinent to this case, shall, whether surveyed or unsurveyed, be subject to the pre-emption law of the 4th of September, 1841, with all the exceptions, conditions, and limitations therein contained. One of those limitations is, that the person claiming the right of pre-emption to any part of the public land must have erected a dwelling-house and made an improvement thereon, and that the congressional subdivision for which claim is made must include the claimant's residence. It is true that under that law no valid settlement could be made until after the land had been surveyed, and the party could know just where he was making his residence, with reference to the congressional subdivision which he proposed to claim; while under the act of 1853 he could settle before the surveys, and make his claim after they had been made and filed in the local office. The officers of the Land Department have, however, held that, when he comes before them finally to assert his claim, he could not establish a valid claim for any quarter-section, or any part of a quarter-section, unless his dwelling-house his actual residence, was on some part of that quarter-section. In

this construction of the act of 1853 we concur, and it is fatal to the case of plaintiff in error. And this question of law is the only one of which this court can have jurisdiction in the present case.

It appears very clearly by the facts found that Ferguson's original claim or settlement of about one hundred and fifty acres is subdivided by the township line which runs between townships six and seven south, of range one west, of the Mount Diablo meridian, and that about thirty acres, including his residence, fell within the latter. He afterwards secured a title to this as a settler on land granted to the town of Santa Clara by act of Congress, which act provided that the grant should inure to the benefit of those who were actual settlers on any part of it.

As we have already said, the land-office held that this fact was fatal to his right of pre-emption in any portion of township 6, though it adjoined his land in the other township, and was part of his improvement.

We see no error in that construction of the law, and none in the judgment of the Supreme Court of California.

*Judgment affirmed.*